UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTCOTT ENTERPRISES, INC.<br><br>Plaintiff,<br><br>v.<br><br>FEDERATED MUTUAL INSURANCE COMPANY, et al.<br><br>Defendants. | Case No.:  20cv7-LAB (BGS)<br><br>**ORDER DENYING MOTIONS TO DISMISS; AND**<br><br>**ORDER OF REMAND**<br><br>**[DOCKET NUMBERS 3, 5, 15.]** |

Defendant Federated Mutual Insurance Company removed this action from state court, relying on diversity jurisdiction. Although Defendants Brian Faulstich and Rebecca Stoody are not diverse, Federated argued they were fraudulently joined.

Federated then filed a motion to dismiss (Docket no. 3). Carrying out its obligation to confirm its own jurisdiction, *see United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004), the Court issued an order to show cause why the action should not be remanded for lack of jurisdiction. (Docket no. 4).  Plaintiff Westcott Enterprises, Inc. also moved to remand. (Docket no. 5.) Federated filed its response to the Court's order to show cause, and

opposed the motion to remand. Faulstich also filed a motion to dismiss (Docket no.15). The motions are now fully briefed and ready for disposition.

**Legal Standards**

When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court . . . ." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); see 28 U.S.C. § 1441. The removing party bears the burden of demonstrating removal was proper, which includes establishing jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). The removal statutes are strictly construed, and doubts about the propriety of removal are resolved in favor of remand. *Id.*

Fraudulently-joined "sham" defendants do not destroy diversity. *McCabe v. Gen'l Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).  But establishing fraudulent joinder is a "heavy burden."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). "[T]here is a general presumption against fraudulent joinder . . . ." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

To meet its burden of establishing fraudulent joinder, a defendant must show that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendants. *Hunter*, 582 F.3d at 1044. Because this must be based on the state's "settled rules," the Court is also required to resolve all ambiguities of state law in the non-removing party's favor. *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D.Cal.2002) (citing *Good v. Prudential*, 5 F.Supp.2d 804, 807 (N.D.Cal.1998), William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial, at § 2:685 (The Rutter Group 2009)).

Showing that claims against a "sham" defendant are subject to dismissal under Fed. R. Civ. P. 12(b)(6) is not enough.  *Grancare, LLC v. Thrower by and*

*through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). Failure to state a claim must be "obvious according to the settled rules of the state." *Id.* (quoting *McCabe*, 811 F.2d at 1339). If there is even a possibility that the complaint could state a cause of action against an asserted sham defendant, fraudulent joinder will be rejected. *Id.* Where a defense, even if successful, would require a "searching inquiry into the merits of the plaintiff's case," the Court will decline to find fraudulent joinder. *See id.* at 548–49.

The Court is obligated to confirm its own jurisdiction before reaching the merits. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 93–94 (1998). The Court therefore considers the motion to remand, and the response to its own order to show cause, before ruling on the motions to dismiss. But because the motions to dismiss have some bearing on whether Faulstich and Stoody are "sham" defendants, the Court will consider the briefing on those motions as well.

**Discussion**

Westcott, an automobile dealership, brings claims against Faulstich and Stoody for breach of fiduciary duty and negligence, in their capacity as agents for Federated. It alleges that Defendants — including Faulstich and Stoody — "represented that they had significant experience and special knowledge and expertise in dealing with automobile dealerships for purposes of providing appropriate coverage," and that it relied on this expertise. (Compl., ¶¶ 17, 37–39.) It also alleges that they violated their duty of care, by failing to recommend or offer tail coverage or to advise Westcott of the consequences of failing to obtain such coverage. (*Id.*, ¶¶ 38, 47–49.) As a result, Westcott alleges, it was left without coverage for substantial losses that occurred shortly after the expiration. (*Id.*, ¶¶ 18–21.) Westcott's theory is that by holding themselves out as having special expertise, Faulstich and Stoody assumed fiduciary-like duties, which they then breached.

/ / /

Westcott's claim for negligence appears stronger than its claim for breach of fiduciary duty. Because even one possibly viable claim defeats diversity, the Court focuses on the negligence claim. It appears that this claim is at least colorable.

In *Jones v. Grewe*, 189 Cal. App. 3d 950, 954–55 (Cal. App. 2 Dist. 1987), California's Court of Appeals held that ordinarily, agents have no duty to point out to insureds the advantages of additional coverage. Nevertheless, agents can assume additional duties by either express agreement, or by holding themselves out as having special expertise in a field of insurance. *Id.* at 954.

The Court of Appeals elaborated on this in *Fitzpatrick v. Hayes*, 57 Cal. App. 4th 916, 927 (Cal. App. 1 Dist. 1997), explaining that, while in general an insurance agent has no duty to advise an insured to procure more or different coverage, that this general rule changes when one of three events occurs. One of those is the agent's assumption either by express agreement, "or by 'holding himself out' as having expertise in a given field of insurance being sought by the insured . . . ." *Id.* (citing *Kurtz, Richards, Wilson & Co. v. Ins. Communicators Mktg. Corp.*, 12 Cal. App. 4th 1249 (Cal. App. 2 Dist. 1993)).

Defendants argue that the agents Faulstich and Stoody cannot be held liable directly, even if Federated can. While plaintiffs usually bring suit against the agents' employers only, claims can be brought against agents directly under a "holding out" theory, under which the agent becomes an agent for the insured as well as the insurer. *Levine v. Allmerica Fin'l Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1079, 1092 (C.D. Cal., 1999). The Complaint's allegations, taken as true, are sufficient to allow Westcott to pursue under a double agency theory. Accordingly, the Court finds it is possible Westcott could maintain a claim against Faulstich and/or Stoody. *See id.* at 1079.

/ / /

/ / /

/ / /

**Conclusion and Order**

Applying all the relevant standards, and resolving all doubts against jurisdiction, the Court finds that Faulstich and Stoody are not fraudulent or sham defendants. The Court therefore lacks jurisdiction over this action.

The two motions to dismiss are **DENIED** for lack of jurisdiction, and the motion for remand is **GRANTED**. This action is **ORDERED** remanded to the Superior Court of California for the County of San Diego.

**IT IS SO ORDERED**.

Dated: September 2, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge